RECEIVED
IN LAKE CHARLES, LA
FEB 16 2006
Pam
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITES STATES OF AMERICA** | : | **DOCKET NO. 2:06 CR 20003** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JORDAN REID STINE** | : | **MAGISTRATE JUDGE WILSON** |

## REASONS DENYING MOTION FOR DETENTION

On February 9, 2006, a detention hearing was held on motion of the Government pursuant to 18 U.S.C. § 3142(f). Following the hearing the undersigned concluded that the government had failed to establish either that (1) no combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence; or (2) no combination of conditions will reasonably assure the appearance of the defendant as required by a preponderance of the evidence. 18 U.S.C. § 3142. Accordingly, an order was entered establishing conditions of release. (DOC. 13). The Government has appealed this decision to the district judge. (DOC. 20). The district judge has requested that the undersigned provide written reasons for the decision to release the defendant.

In August, 2005, Defendant was included in a multi-count, multi-defendant indictment charging him with conspiracy to possess with intent to distribute ecstacy and cocaine, and possession with intent to distribute ecstacy. (Docket 05 CR 20186-07). Potential penalties included a mandatory minimum of 5 years and a maximum of 40 years in prison. The Government moved for detention, and a detention hearing was held on August 22, 2005.

Following the presentation of all the evidence the prosecutor stated that the Government would object to Defendant being released <u>unless</u> his conditions of release included that he (1) continue his ongoing participation in the Cenikor Foundation treatment program in Baton Rouge, and (2) be tested for illegal substances once per month. Independently, this court concluded that there were conditions of release that would reasonably assure Defendant's appearance and the safety of others. This conclusion was reached after consideration of the factors set forth in 18 U.S.C. § 3142(g) and consideration of the presumption (which was rebutted by production) established by 18 U.S.C. § 3142(e). The primary factors leading to this conclusion were: (1) evidence of Defendant's close ties to this district; (2) the lack of substantial ties to any other district; (3) Defendant's lack of financial resources; (4) evidence that Defendant was successfully participating in the Cenikor program; (5) the fact that Defendant was closely supervised while in the Cenikor program; and (6) the lack of any indication that Defendant had continued to be involved with illegal controlled substances since enrolling in the Cenikor program. The conditions of release were virtually identical to the conditions of released established in the present case.

The present case arises out of an indictment handed down in January of this year. The indictment establishes probable cause to believe that Defendant committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 801 et seq. Accordingly, there was a presumption that no combination of conditions would reasonably assure Defendant's appearance as required, and the safety of others. 18 U.S.C. § 3142(e). This presumption was rebutted by Defendant's production of evidence including the testimony of the Cenikor representative, Mr. Simmons, and Defendant's mother. However, this court still

weighed the presumption in considering the issue of detention. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989).

The most serious charge is possession with intent to distribute Cocaine and ecstacy. There are also two firearms charges. Even if the penalty for the distribution charge is enhanced due to a prior conviction the penalties faced by Defendant are not substantially more severe than the penalties he faces in connection with the earlier charges.

The present charges arise out of a traffic stop in March, 2005. The evidence presented at the detention hearing indicated that another individual in the car took responsibility for the gun and the majority of the controlled substances found. The weight of the evidence against this Defendant does not appear great, particularly with regard to the firearms charges.

Weighing heavily against the Defendant was evidence that he had participated in the use and distribution of illegal controlled substances on more than one occasion, including when he was on probation, and as recently as March, 2005. Defendant's involvement with the distribution of illegal controlled substances raises serious concerns for the safety of the community. His record of violating the obligations of his probation raise a doubt as to the likelihood that he will abide by conditions of release. However, in this case this evidence is outweighed by other evidence indicating that conditions can be imposed on Defendant that will reasonably assure his appearance as required and the safety of others, and that Defendant will abide by those conditions.

The safety of the community is of paramount concern. In Defendant's case concerns over the safety of the community arise out of his involvement with illegal controlled substances. This concern is reasonably addressed by requiring drug testing, and participation in the Cenikor

program. The evidence indicates that the Cenikor program is a demanding, well supervised program. Mr. Simmons has agreed to supervise Defendant in accordance with the conditions of release, to use every effort to assure Defendant's appearance as required and to notify the court immediately in the event of any violation of the conditions of release.

Participation in the Cenikor program also helps to address any concerns that Defendant will flee. Because of the close supervision it is clear that any attempt to abscond would be discovered almost immediately. Furthermore, Defendant does not have the financial resources that would allow him to abscond successfully. All his earnings while in the Cenikor program are going to Cenikor to pay for the program. Defendant has significant ties to this district, but no significant ties anywhere else.

When these conditions of release were imposed in August, 2005, the prosecutor apparently agreed that they reasonably addressed the concerns for safety of the community and Defendant's appearance. The prosecutor in the present case presented no new facts at the detention hearing in February, 2006, that were not known and considered in August, 2005. What was new was that Defendant had been on release for almost six months. Since Defendant was released in August, 2005, he has had no positive drug tests, no significant violations of the rules of the Cenikor program, and no violations of the conditions of release imposed by this court. This is compelling evidence that the conditions of release are adequate to reasonably assure the safety of others and Defendant's appearance, and that Defendant will abide by those conditions.

Considering all the evidence this court concludes that the Government failed to establish by clear and convincing evidence that no combination of conditions, short of detention, will reasonably assure the safety of others. The Government also failed to establish by a

4

preponderance of the evidence that no combination of conditions, short of detention, will reasonably assure Defendant's appearance as required. Accordingly, Defendant was ordered released subject to the conditions imposed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of February, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE