RECEIVED
IN LAKE CHARLES, LA

MAR 2 7 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20003-001 |
| VS. | : | JUDGE MINALDI |
| JORDAN REID STINE | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion by the Government for Revocation of the Magistrate Judge's February 9, 2006, Ruling on the Release of the defendant.

The standard of review for the district court's review of a Magistrate Judge's detention or release order under 18 U.S.C. § 3145(a) is *de novo. See, e.g., United States v. Rueben,* 974 F.2d 580, 585-86 (5th Cir.1992) ("When the district court acts on a motion to revoke or amend a Magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release."); *United States v. Maull,* 773 F.2d 1479, 1481 (8th Cir.1985) (en banc) (stating that district court's review of Magistrate Judge's order setting bond was *de novo*); *U.S. v. Cisneros,* 328 F.3d 610, 616, n.1 (C.A.10 (N.M.), 2003).

This determination requires the review of two records: the instant record in 2:06 CR 20003 and a preceding record, 2:05 CR 20186-007. The defendant, Jordan Stine was included in a multi-count, multi-defendant indictment on August 10, 2005 (05-20186-007). Stine was charged with conspiracy to possess with intent to distribute ecstacy and cocaine and with possession with intent to distribute ecstacy. His exposure in the 2005 charges is approximately 40 years. In

connection with that case, the Magistrate Judge held a detention hearing. He heard testimony concerning the defendant's drug addiction, his involvement in Cenikor Treatment Program, his ties to the community and other relevant factors considered pursuant to 18 U.S.C. §3142(g).[1] Following

---

[1]

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

the presentation of the evidence, the prosecutor stated that the Government would object to the defendant being released unless he (1) continued his ongoing treatment at Cenikor Foundation treatment program in Baton Rouge and (2) would be tested for illegal substances once a month. Independently, the Magistrate Judge concluded that there were conditions of release that would reasonably assure the defendant's appearance and the safety of others.

The Government then filed a new indictment in January 2006, charging Stine with Distribution of Alprazolam to a Juvenile in violation of 21 U.S.C. §841(a)(1), (b)(1)(D)(2) and 859(a); Possession with Intent to Distribute Cocaine and Methylenedioxy Methamphetamine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C); Possession with Intent to Distribute Dihydrocodeinone 21 U.S.C. §841(a)(1), (b)(1)(D)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. §924 (C)(1). This indictment stems from state charges of March 29, 2005. The court, the Government and the defendant were aware of these outstanding charges at the time of the first detention hearing.

At the second detention hearing, after the January 2006 indictment, the Magistrate Judge accepted evidence from the defendant's state probation officer, a Lake Charles police officer and the Immigration and Customs Enforcement case agent. The Magistrate Judge heard testimony of a representative of Cenikor and from the defendant's mother. He also allowed documentation of the defendant's criminal history. The defense introduced evidence that even knowing that his penalty could potentially increase as a result of this second indictment, the defendant did not flee. The defendant had completely complied with the original conditions of release. Stine's participation at Cenikor, a difficult program, had been successful to the date of the hearing. Stine's ties to this community are strong and are, perhaps, even stronger than before as he is now expecting his first

child. Pretrial Services reports recommended that Stine be allowed to remain at Cenikor.

The 2006 indictment involves a statutory minimum sentence of ten years, 18 U.S.C. §841. There is a presumption that no combination of factors could reasonable assure the defendant's presence as required, and the safety of others. 18 U.S.C. §3142(e). This is a rebuttable presumption. The Magistrate Judge ruled that the evidence introduced by the defendant successfully rebutted the presumption. The Magistrate Judge noted that the fact that Stine had participated in the use and distribution of illegal controlled substances while he was on probation weighed heavily against him. The Magistrate Judge further noted that Stine's history of violating probation raised a doubt as to the likelihood that he would abide by his conditions of release. After reviewing the totality of the evidence introduced by the defense and by the Government, however, the Magistrate Judge found that the evidence against Stine was outweighed by the evidence which would reasonable assure his appearance and the safety of others. The Cenikor program is stringent and Stine's counselor assured the court that Stine would be supervised according to the terms of his release. With such close supervision, if Stine absconded, it would be discovered immediately. Furthermore, Stine does not have the financial resources to go anywhere. He has significant ties to this district and no ties elsewhere.

The Magistrate Judge noted that when the conditions were imposed in August, 2005, the prosecutor agreed that they reasonably addressed the concerns for the safety of the community and would assure the defendant's appearance. At the time of the second hearing the defendant had been on release for six months. He had no positive drugs tests during that period, no significant violations of Cenikor's rules, and no violations of the terms of his release.

The Magistrate Judge found that the Government had failed to establish by clear and

convincing evidence that there was no combination of factors which would reasonable assure the safety of others or the defendant's continued appearance.

This court's decision rests upon its conclusion that the Government has not established that no condition or combination of conditions will reasonably assure the safety of the community if Stine is released or the defendant's continued appearance. 18 U.S.C. § 3142(e) & (f). Analysis of the factors set forth in 18 U.S.C. § 3142(g) and a *de novo* review of the record indicates that the Magistrate Judge's conclusions are supported by the evidence. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992); *U.S. v. Carvajal*, 77 Fed.Appx. 720, 721 (C.A.5 (Tex.), 2003). Accordingly, the Government's Motion for Revocation of the Magistrate Judge's February 9, 2006, Ruling on the Release of the defendant will be denied.

Lake Charles, Louisiana, this 27 day of March, 2006.

PATRICIA MINALDI
UNITED    STATES    DISTRICT    JUDGE